IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Roy Todd Sterling, | Case No. 3:14 CV 2043 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| U.S. Department of Veterans Affairs, et al., | |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff Roy Todd Sterling filed a Complaint (Doc. 1) against Defendants U.S. Department of Veterans Affairs (the "VA") and the Office of the United States Attorney General. Plaintiff appears to be unsatisfied with the VA's processing of his service-connected disability benefits claim.

## DISCUSSION

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), a district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78. Viewed in the light most

favorable to the plaintiff, a complaint's factual allegations must raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Even construing the Complaint liberally in a light most favorable to Plaintiff, it does not contain allegations reasonably suggesting he might have a valid federal claim against Defendants. Under the Veteran Judicial Review Act of 1988, the issues Plaintiff raises may only be adjudicated by the appropriate Veterans Administration administrative bodies, the Court of Veterans Appeals, and the Court of Appeals for the Federal Circuit. *See Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). Because the allegations do not support jurisdiction in this Court, the case must be dismissed.

## CONCLUSION

Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted, and the Complaint (Doc. 1) is dismissed under 28 U.S.C. § 1915(e). Plaintiff's Motion for Electronic Filing Privileges (Doc. 3) and Motion to Compel Discovery (Doc. 4) are denied as moot. Further, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 11, 2014